IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 12 CR 22 |
| | ) |
| STEPHEN LINDER, | ) Judge Virginia M. Kendall |
| | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Stephen Linder ("Linder") asks the Court to reconsider its ruling denying his Motion to Suppress Evidence and request for an evidentiary hearing. A federal grand jury indicted Linder, a Deputy United States Marshal for the Northern District of Illinois, in a four count indictment charging that he violated the civil rights of two individuals by using excessive force on two separate occasions and then attempting to conceal or prevent information regarding those incidents to be presented in the course of the investigation. On April 20, 2012, Linder filed a Motion to Suppress Evidence obtained by the government after federal agents confiscated Linder's government-issued computer and "smart" phone. (Dkt. No. 25.) On August 9, 2012, this Court issued a Memorandum Opinion and Order denying Linder's Motion to Suppress and request for an evidentiary hearing on the issue. *See United States v. Linder*, No. 12 CR 22-1, 2012 WL 3264924, at *3–12 (N.D. Ill. Aug. 9, 2012); (Dkt. No. 42.) Linder now asks this Court to reconsider its ruling that the government did not violate his rights under the Fourth Amendment in searching his government-issued devices. For the reasons stated herein, Linder's Motion to Reconsider is denied

## BACKGROUND

The four-count indictment in this case alleges that Linder struck and choked an individual on July 8, 2010 (Count I), and head-butted another individual on May 13, 2008 (Count III), both in

violation of 18 U.S.C. § 242. The indictment also alleges that Linder attempted to corruptly persuade two other individuals to withhold from federal authorities evidence concerning the incidents in order to hinder, delay, and prevent the communication of a possible commission of a federal offense in violation of 18 U.S.C. § 1512(b)(3) (Counts II and IV). Linder moved to suppress information obtained by the government through a search of his Blackberry smart device and electronic files stored on a government server that Linder accessed through his work computer. In his Motion to Suppress, Linder argued that the search of these devices was an illegal warrantless search in violation of the Fourth Amendment because he had a legitimate subjective expectation of privacy in his digital information and because this expectation of privacy is one that society is prepared to recognize as reasonable. In its Memorandum Opinion and Order dated August 9, 2012, this Court made the following determinations with respect to Linder's Fourth Amendment claim: (1) Linder could not "credibly claim that he subjectively believed that his use of his government-issued data devices was private" in light of Department of Justice ("DOJ") and United States Marshal Service ("USMS") "no expectation of privacy" banners and policies; (2) "[a]ny privacy interest Linder may have subjectively believed he had in his Blackberry and files stored on the government server is not a legitimate privacy interest that society is prepared to recognize as reasonable;" (3) even if Linder's Fourth Amendment rights were implicated by the government's conduct, that conduct is "still not subject to the Fourth Amendment's warrant requirement because it falls into the 'special-needs' exception that applies to government searches regarding work-related misconduct," notwithstanding the fact that the search also unearthed evidence of criminal misconduct and was conducted parallel to a criminal investigation into the same matter; and (4) Linder consented to the search of his Blackberry and computer files by using them in compliance

with DOJ and USMS policies. *See Linder*, 2012 WL 3264924, at *3–12.

## STANDARD OF REVIEW

Although the Rules of Criminal Procedure do not authorize or even mention motions to reconsider, *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (the rules of criminal procedure "lack a counterpart to the motions authorized by Fed.R.Civ.P. 50(b), 52(b), or 59"), the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts. *See United States v. Healy*, 376 U.S. 75, 77 (1964); *see also Rollins*, 607 F.3d at 502 ("[Motions to reconsider] are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure."); *United States v. Kalinowski*, 890 F.2d 878, 881 (7th Cir. 1989). Therefore, in appropriate circumstances, motions to reconsider may be filed in criminal cases, and allow district courts the opportunity to promptly correct errors. *See Rollins*, 607 F.3d at 503 (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976)).

The purpose of a Motion to Reconsider is to "bring the court's attention to newly discovered evidence or to a manifest error or [sic] law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion to reconsider is not the appropriate vehicle to rehash previously rejected arguments or introduce new legal theories. *See Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009); *Bally Export Corp. v. Baliscar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). Nor should it be used to advance evidence, arguments, and legal theories that were available earlier and could have been presented before the district court entered its judgment. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.

1995)); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247–48 (7th Cir. 1995); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). Instead, motions for reconsideration are utilized for very limited purposes: to correct manifest errors of law or fact, present newly discovered evidence, or to address an intervening and substantial change in the controlling law occurring after the submission of the issues to the court. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1988); *Publishers Resource, Inc. v. WalkerDavis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–666 (N.D. Ill. 1982), *aff'd and adopted in relevant part*, 736 F.2d 388, 393 (7th Cir. 1984)). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). The decision to grant Linder's motion to reconsider lies in the sound discretion of this Court, and its ruling is reviewed deferentially and will only be disturbed upon a showing that the Court abused its discretion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).

## DISCUSSION

### I. Linder's Affidavit and Subjective Expectation of Privacy

In ruling on Linder's Motion to Suppress, this Court stated that "[t]hough Linder may have believed that he had a reasonable expectation of privacy in the H drive, he has not supplied an affidavit to support that allegation. Because Linder has the burden of proving that he had a legitimate expectation of privacy he must submit an affidavit to support his allegation that he had such a privacy interest in the H drive in order for the Court to grant a suppression hearing on the issue." *Linder*, 2012 WL 3264924, at *8 (citing *United States v. Ruth*, 65 F.3d 599, 604–05 (7th Cir.

1995). Linder now asks the Court to reconsider whether an evidentiary hearing is necessary based on information contained in an affidavit submitted after the Court's ruling. (Dkt. No. 49, pp. 9–12.)

District courts are required to conduct an evidentiary hearing "only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)); *see also United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) ("An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.") (emphasis omitted) "The defendant bears the burden of both identifying a definite disputed factual issue, and demonstrating its materiality." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011).

Because the "existence of a privacy interest depends, in part, on the defendant's subjective intent, it is almost impossible to establish a reasonable expectation of privacy without an affidavit or testimony from the defendant." *United States v. Meyer*, 157 F.3d 1067, 1080 (7th Cir. 1998) (quoting *United States v. Ruth*, 65 F.3d 599, 604–05 (7th Cir. 1995)); *see also United States v. Torres*, 32 F.3d 225, 229 (7th Cir. 1994) (affirming district court's conclusion that defendant lacked standing to challenge search because he failed to submit testimony or affidavit to establish his expectation of privacy). However, a defendant cannot force an evidentiary hearing simply by filing an affidavit claiming an expectation of privacy. Instead, the defendant must present in his affidavit " 'definite, specific, detailed, and nonconjectural' facts that justify relief before a district court will grant a suppression hearing." *United States v. Randle*, 966 F.2d at 1212–13 (quoting *United States*

*v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)); *see also Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215–216 (5th Cir. 2001) (Affidavits stating generally that "grieving conversations and statements" and "oral prayers and communications to [defendants] and [their] God" should be private and not subject to government wiretaps held insufficient to sustain defendants' burden in establishing that they had a subjective expectation of privacy); *United States v. Best*, 255 F.Supp.2d 905 (N.D. Ind. 2003) (defendant's "bare-bones" affidavit insufficient to establish a subjective expectation of privacy). Thus affidavits are often necessary but by no means sufficient to establish a material dispute warranting an evidentiary hearing on a motion to suppress.

Linder provides in his affidavit general background information regarding his use of his Blackberry device and work laptop. (Dkt. No. 49, p. 9–10.) Linder states he used his Blackberry for both personal and work-related purposes, and that he was "never told by any Marshal Service personnel that [he] could not use [his] Blackberry for personal reasons." (*Id.*, p. 9.) Linder also explains that his Blackberry was password protected and that it was his belief that he had a right to privacy in the device. (*Id.*, p. 10.) With respect to the files on his network drive, Linder states that it was his understanding that the "S drive" on his computer was to be used to store shared information while the "H drive" was a private space that no other employee, including his supervisors, could access. (*Id.*) Linder explains that he "saved numerous personal pictures, documents, and information on the 'H drive' through the course of [his] employment," but "did not save personal information on the 'S drive' because [he] knew it was a shared space and other employees could access any information saved there." (*Id.*) Linder also states in his affidavit that the banners on his devices and the information provided at the computer training sessions he attended did not warn him that he could be subject to a warrantless search of private information

6

during a criminal investigation. (*Id.*, p. 11.)

The facts set forth in Linder's affidavit do not change this Court's conclusion that Linder cannot credibly claim to have had a subjective expectation of privacy in the data stored on his Blackberry device and network drives. Linder's affidavit does not set forth facts sufficient to establish a material dispute warranting an evidentiary hearing on the issue. While he explains his use of the devices, he does not present details necessary to show there is a dispute of material fact regarding his subjective beliefs about the use of those devices. For example, Linder does not assert that a supervisor at the U.S. Marshal Service informed him the files on his Blackberry and H drive were inaccessible to others, nor does he claim that a trainer at his Computer Security Awareness Training classes suggested to him that files stored on his devices would remain private. In fact, he does not point to a single individual in the U.S. Marshal Service whose statement or conduct could conceivably have brought him to believe he had a privacy interest in the files stored on his Blackberry and H drive. The Court finds that without these or similar representations, a suppression hearing would serve no purpose.

For example, had Linder presented evidence that a supervisor, trainer, or fellow Deputy U.S. Marshal communicated to him that files stored on his government-issued Blackberry and the corresponding network drives were private, an evidentiary hearing would give the Court an opportunity to make credibility determinations regarding the individuals who made those statements. The Court could then weigh evidence illicited at the suppression hearing against: (1) the DOJ's express policies notifying all employees that they have no expectation of privacy when they access the DOJ's computer information systems; (2) USMS IT manuals and policies reminding employees that there is no expectation of privacy in the use of government computers or computer systems, and,

to the extent that employees wish that their private activities remain private, they should avoid using departmental computer systems for such activities; (3) the fact that a USMS Policy Directive provided that use of a USMS computer or telecommunications system, including a personal computer connected to the USMS or DOJ network, constitutes consent to monitoring; (4) the fact that every time Linder logged on to his government-issued computer, he was reminded that he had "no reasonable expectation of privacy regarding any communication transmitted through or data stored on this information system," and that at any time, the government may monitor, intercept, search and/or seize data transmitted or stored on the system; (5) the fact that Linder was reminded at yearly Computer Security Awareness Training sessions that he had no expectation of privacy in any communication or information stored within the system; and (6) Linder's failure to password-protect his documents or save the files on the physical hard drive, to ultimately determine whether Linder can credibly maintain that he had a subjective expectation of privacy in the files stored on his government-issued devices.

Here, however, Linder offers no basis for his alleged belief that the files stored on his devices were private, nor does he present facts requiring further credibility determinations. Instead, Linder essentially contends in his affidavit that he *must* have subjectively believed his files were private based on the way he personally used his devices. This Court has already determined that Linder's decision to maintain personal files on his devices does not establish that Linder subjectively believed that the data stored on those devices was private. *Linder*, 2012 WL 3264924, at *8. Accordingly, the Court finds that Linder's affidavit fails to set forth sufficient facts establishing a subjective expectation of privacy in the data stored on his government-issued devices. The Court also finds that the affidavit does not raise a material dispute warranting an evidentiary hearing on the matter.

## II. Objective Reasonableness of Linder's Expectation of Privacy

Even if the Court were to find Linder's affidavit sufficient to support a finding that Linder had a subjective expectation of privacy in information stored on his government-issued devices, Linder's Motion to Reconsider must be denied because he has not presented any new facts or legal precedent demonstrating that he satisfies the objective component of the Fourth Amendment inquiry. Linder has failed to refute overwhelming precedent holding that society is not prepared to recognize the existence of a reasonable expectation of privacy in the circumstances presented here. As the Court explained in its original Memorandum, an employer's policies concerning communications will shape the reasonable expectations of its employees, especially to the extent that such policies are clearly communicated. *Id.* at *6 (quoting *Muick v. Glernaryre Electronics*, 280 F.3d 741, 743 (7th Cir. 2002). More specifically, the Court determined that "[g]overnment employees do not maintain a reasonable expectation of privacy in the information stored on their computers when the employee is notified that their employer has retained the right to access or inspect the information stored there." *Id.* at *7 (citing *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000)); *see also Angevine*, 281 F.3d 1130, 1134 n.1 (10th Cir. 2002) (public employee does not have a legitimate expectation of privacy that society is prepared to recognize as reasonable in computer furnished to him by the state). The Court cited multiple cases finding that banners and employers' policies generally eliminate a reasonable expectation of privacy in the contents stored in a government user's network account, *Linder*, 2012 WL 3264924, at *7 (collecting cases), and ultimately held that "[a]ny privacy interest Linder may have subjectively believed he had in his Blackberry and files stored on the government server is not a legitimate privacy interest that society is prepared to recognize as reasonable." *Id.* at *9 (collecting cases).

9

Linder does not distinguish or otherwise refute these cases in his Motion to Reconsider, nor does he point to a single authority supporting his position that his personal alleged expectation of privacy is one that society is prepared to recognize as reasonable. Instead, Linder argues that the analysis of each issue addressed by this Court in its consideration of Linder's Fourth Amendment claim should "hinge[] on the ultimate question of whether Agent Shirley was investigating Linder for criminal conduct with the goal of building a criminal case against him." (Def. Mot., pp. 3–4.) According to Linder, "[i]f Agent Shirley was conducting a criminal investigation, [then] Linder's subjective belief in privacy was reasonable because it is in fact reasonable to believe that the government cannot conduct a warrantless search of one's computer and cell phone data in order to obtain evidence in a criminal case." (Def. Mot., p. 4.)

The Court has already addressed these arguments in its previous Memorandum. There is no legal significance to whether the investigation into Linder's conduct was principally criminal or administrative. "A workplace search still falls within the *O'Connor* framework even if the purpose of the search is to discover evidence of criminal activity." *Linder*, 2012 3264924, at *11 (citing *Simon*, 206 F.3d at 400). The Seventh Circuit has also held on multiple occasions that this includes dual-purpose searches that seek to unearth evidence of both workplace misconduct and criminal activity. *See, e.g., Driebel v. City of Milwaukee*, 298 F.3d 622, 639–40 (7th Cir. 2002) (internal investigations designed to uncover evidence of work-related misconduct by government employees can parallel criminal investigations, although the seizure of a government employee subject to a criminal investigation must be supported by probable cause); *United States v. Fernandes*, 272 F.3d 938, 942–43 (7th Cir. 2001) (administrative workplace misconduct search by a county prosecutor into allegations of bribery against his deputy prosecutor reasonable under *O'Connor* even though the

search includes looking for evidence of violations of criminal law); *Shields v. Burge*, 874 F.2d 1201, 1204 (7th Cir. 1989) (ongoing internal investigation that parallels criminal investigation is subject to the *O'Connor* framework); *Gossmeyer v. McDonald*, 128 F.3d 481, 492 (7th Cir. 1997) (a legitimate warrantless search into work-related misconduct is not transformed into an illegitimate law enforcement search merely by virtue of the presence of law enforcement officers in the search team); *United States v. Nasser*, 476 F.2d 1111, 1123 (7th Cir. 1973) (upholding warrantless electronic surveillance of government employee that provides evidence of criminal activity where the government is investigating work-related misconduct). Therefore, the fact that the USMS's investigation into alleged misconduct paralleled a criminal investigation by Agent Shirley does not affect the Court's analysis under *O'Connor*.

Linder nevertheless maintains in his Motion to Reconsider that the "focus" of this Court's inquiry should not have been on the conduct of the USMS Office of Inspection but rather on the conduct of Agent Shirley. (Def. Mot., p. 5.) Again, Linder cites authority supporting the proposition that the Court must ascertain the "primary focus" of the investigation when applying the *O'Connor* framework. It makes no difference whether the search is characterized as predominately criminal or administrative. In *Simon*, for example, the court assumed that the primary purpose of the warrantless search of the defendant's office was to discover evidence of criminal wrongdoing. *Simon*, 206 F.3d at 400. Nevertheless, the search still fell within the *O'Connor* framework because the court determined that an employer does "not lose its special need for the efficient and proper operation of the workplace merely because the evidence obtained was of a crime." *Id.* Linder also argues that the nature of Agent Shirley's investigation effects whether Linder consented to the search of his devices because even if his agreement to the USMS and DOJ policies constitutes consent to

11

searches of his devices for certain (presumably, administrative or emergency) purposes, he did not consent to being the target or a criminal investigation or to searches designed to "hunt [for] evidence to substantiate an indictment." (Def. Mot., p. 4.) Once again, Linder points to no authority supporting this position. More importantly, the Court has already ruled that the scope of Linder's consent does in fact encompass criminal investigations. According to USMS policy: "[t]he Department may access e-mail messages or other documents on government computer systems *whenever it has a legitimate governmental purpose for doing so*." *Linder*, 2012 WL 3264924, at *10. The Court determined that "[g]athering evidence of suspected unlawful behavior by a member of the USMS constitutes a legitimate governmental purpose within the meaning of USMS policy." *Id.*

Linder's Motion to Reconsider does not compel the Court to change its conclusion that as a public employee, Linder did not have a legitimate expectation of privacy that society is prepared to recognize as reasonable because his supervisors limited his privacy expectations by express policy. Nor does it sway the Court's determination that even if Linder's Fourth Amendment rights are implicated, Linder consented to searches of his devices by using them in compliance with USMS and DOJ policies and the government's activity in this case falls within the "special-needs" exception that applies to government searches of work-related misconduct.

## CONCLUSION

For the reasons stated, Linder's Motion to Reconsider is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 12, 2013